## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JERSEY CITY COMMUNITY HOUSING CORPORATION,<br><br>        Debtor. | Case No. 21-15863-JKS<br><br>Chapter 11 |
| CITY OF JERSEY CITY,<br><br>        Appellant,<br><br>v.<br><br>JERSEY CITY COMMUNITY HOUSING CORPORATION,<br><br>        Appellee. | Civil Action No.: 2-22-05277-JMV |

## JERSEY CITY COMMUNITY HOUSING CORPORATION'S MOTION TO DISMISS APPEAL AS STATUTORILY MOOT PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**
290 W. Mt. Pleasant Ave., Suite 2350
Livingston, New Jersey 07039
(973) 533-1000
rtrenk@trenkisabel.law | sdarling@trenkisabel.law
*Counsel to Jersey City Community Housing*
*Corporation, Appellee*

**Of Counsel:**
Richard D. Trenk, Esq.

**On the Brief:**
Sydney J. Darling, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................... 1

BACKGROUND ................................................................................ 4

RELIEF REQUESTED ...................................................................... 8

LEGAL ARGUMENT ........................................................................ 8

   I.   The Appeal Should be Dismissed as Equitably Moot ..................... 8

    A.  Legal Standard ...................................................................... 8

    B.  The Requirements of Statutory Mootness are Satisfied Here .................... 10

      1.  The Sale Order Was Not Stayed ........................................ 10

      2.  The Property was Sold to a Good Faith Purchaser for Value ................ 11

      3.  Appellant Cannot Meet the "Narrow Exception" to Section 363(m) ...... 12

   II.  The Appeal Lacks Merit ............................................................. 14

    A.  The Bankruptcy Court did not Err in Concluding that the Purchaser was a Good Faith Purchaser Under 11 U.S.C. §363(m) ............................... 17

    B.  The Bankruptcy Court did not Err in Concluding that Buyer Gave "Fair and Reasonable Value" for the Property. ........................................ 20

    C.  The Bankruptcy Court did not Err in Overruling Appellant's Objection to the Sale to Purchaser ....................................................... 20

    D.  The Bankruptcy Court did not Err in Applying the Merger Doctrine. ....... 21

    E.  The Form of Order Does Not Illegally Extinguish the Affordable Housing Deed Restrictions ................................................................ 23

    F.  The Appeal Should Be Dismissed for Failure to Comply with Fed. R. Bankr. P. 8018 ...................................................................... 24

CONCLUSION ................................................................................ 25

4854-1746-6160, v. 1

# TABLE OF AUTHORITIES

## Cases

*In re Blackwell*, 162 B.R. 117 (E.D. Pa. 1993)..........................................................16

*Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d
    1063 (2d Cir. 1983)...................................................................................14

*Customers Bank v. Reitnour Inv. Properties, LP*, 453 N.J. Super. 338, 350, 181
    A.3d 1038, 1046 (App. Div. 2018).......................................................22

*Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re
    Montgomery Ward Holding Corp.)*, 242 B.R. 147 (D. Del. 1999) ......................14

*DeMet v. Harralson*, 399 F.2d 35 (5th Cir. 1968)...................................................16

*In re 388 Route 22 Readington Holdings, LLC*, Case No. 20- 2629, 2021 WL
    4811409 (3d Cir. Oct. 15, 2021)............................................................9

*In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986)...................... 14, 17

*In re Baldwin United Corp.*, 43 B.R. 888 (Bankr. S.D. Ohio 1984) ......................14

*In re Bardwell*, 610 F.2d 228 (5th Cir. 1980)...........................................................15

*In re Brown*, 851 F.3d 619 (6th Cir. 2017)...............................................................9

*In re Del. & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991)...................................15

*In re Delaware & Hudson R.R. Co.*, 124 B.R. 169 (D. Del. 1991) ......................14

*In re Energy Future Holding Corp.*, 596 B.R. 473 (D. Del. 2019) ............. 9, 12, 13

*In re Goione,* 595 B.R. 477 (Bankr. D.N.J. 2019)...................................................21

*In re Hammons*, 614 F.2d 399 (5th Cir. 1980) .........................................................15

*In re Joshua Slocum Ltd.*, 922 F.2d 1081 (3d Cir. 1990) ......................................10

*In re Multiponics, Inc.*, 622 F.2d 709 (5th Cir. 1980) ............................................16

*In re Old Summit Mfg., LLC,* 523 F.3d 134 (3d Cir. 2008) ....................................14

*In re Perimeter Park Inv. Assoc.*, 616 F.2d 150 (5th Cir. 1980) ............................15

*In re Phoenix Steel Corp.*, 82 B.R. 334 (Bankr. D. Del. 1987) ...............................15

*In re Pursuit Capital Mgmt., LLC*, 874 F.3d 124 (3d Cir. 2017) ................... passim

*In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991) ............15

*In re Weatherly Frozen Food Group, Inc.*, 149 B.R. 480 (Bankr. N.D. Ohio 1992)
    ...........................................................................................................15

*Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490 (3d Cir. 1998)
    ............................................................................................................9

*Lawrence Warehouse Co. v. McKee*, 301 F.2d 4 (5th Cir. 1962)............................16

*Martin v. Mercantile Financial Corp.*, 404 F.2d 886 (5th Cir. 1968)....................15

*Matter of Bleaufontaine, Inc.*, 634 F.2d 1383 (5th Cir. 1981).......................... 15, 16

*Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996)..................................14

ii

*Pittsburgh Food & Beverage, Inc. v. Ranallo*, 112 F.3d 645 (3d Cir. 1997) ......9, 10

*Youngman v. Fleet Bank, N.A. (In re A & P Diversified Techs. Realty, Inc.),* 467 F.3d 337 (3d Cir. 2006) ........................................................................................21

**Statutes**

28 U.S.C. § 158 ...........................................................................................................3

**Rules**

Fed. R. Bankr. P. 8018 ....................................................................................... 23, 24

**Treatises**

1 Collier on Bankruptcy P 3.03 (15th ed. 1979) ....................................................16

## PRELIMINARY STATEMENT

The appellee, Jersey City Community Housing Corporation ("Appellee"), a debtor and debtor-in-possession under chapter 11 of title 11 of the United States Code, files this motion (the "Motion") pursuant to 11 U.S.C. §363(m) and Fed. R. Bankr. P. 8013 seeking the dismissal of the appeal filed by the appellant, City of Jersey City ("Appellant").

This appeal is statutorily moot under Section 363(m) of the Bankruptcy Code and binding Third Circuit precedent, and it should be dismissed without further proceedings. The appeal is a challenge to the validity of Appellee's sale of certain real property (the "Property") located at 108 Storms Avenue, Jersey City, New Jersey, to the approved purchaser, 108 Storms JC LLC (the "Purchaser"). The Bankruptcy Court approved the sale over Appellant's objections, finding that the Purchaser was a good-faith purchaser, that the Property was being sold for fair value, and that no higher or better bids had emerged.

Notably, Appellant's lien on the Property was fully satisfied in connection with the closing of the sale of the Property. The deed restrictions imposed by Appellant in connection with certain grants and loans related to the Property have been preserved. Appellant objects only because it does not agree that the Purchaser is qualified to successfully develop the Property despite Appellant

1

favoring a Sheriff's sale, where it would have no control over who purchases the Property.

Appellant requested to enforce and not waive the 14-day delay of effectiveness of the Sale Order (as defined below) under Bankruptcy Rule 6004(h), presumably to give Appellant time to seek a stay pending appeal; however, the Court abbreviated the stay to seven (7) days. During that time, Appellant appealed the Sale Order and moved for a stay pending appeal, which motion was denied. On September 12, 2022, the sale of the Property closed and the Purchaser took possession of the Property.

As a matter of black-letter law, the closing of the sale moots this appeal. Section 363(m) of the Bankruptcy Code provides that a court order authorizing a sale of assets to a good-faith purchaser cannot be disturbed on appeal "unless such authorization and such sale . . . were stayed pending appeal." 11 U.S.C. § 363(m). The Third Circuit has recognized that this provision renders an appeal "statutorily moot" if the appellant does not seek a stay pending appeal. *See In re Pursuit Capital Mgmt., LLC*, 874 F.3d 124, 135 (3d Cir. 2017). Without a stay, the sale closed to a good-faith purchaser. Therefore, Appellee respectfully requests the Court dismiss the appeal as statutorily moot.

## **STATEMENT OF APPELLATE JURISDICTION**

On August 23, 2022, the Bankruptcy Court entered that certain Order Granting Debtor's Motion Under Bankruptcy Code Section 363 for Entry of an Order: (1) Approving the Private Sale of Certain Real Estate of the Debtor Free and Clear of Liens, Claims, Encumbrances and Interests; and (2) Waiving the Fourteen Day Stay Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure in Accordance Herewith [Bankr. ECF 153] (the "Sale Order"), which was appealed by the Appellant on August 29, 2022. The Sale Order constitutes a final order subject to appeal. Therefore, but for the statutory mootness issue, this Court would have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). As discussed below, however, Appellant's failure to obtain a stay effectively deprives this Court of jurisdiction under the express provisions of 11 U.S.C. § 363(m).

3

## BACKGROUND

Appellee, a New Jersey not-for-profit corporation, has provided low- and moderate-income housing in the City of Jersey City by engaging in development of new housing supply and operation of developed properties subject to deed restrictions and covenants that reserve such properties for that stated purpose. (*See* 1st Modified Small Business Debtor's Plan of Reorganization [Bankr. ECF 66], p.4 (Ballak Cert.,[1] **Exhibit 2**).)    Appellee has typically worked under contractual development agreements with the municipality to satisfy the objectives of the municipal government. (*See id.*)

Appellee has developed an income restricted, 12-unit apartment building in Jersey City located at 16 Bergen Avenue. (*See id.*)  In addition, Appellee is (or until the sale was) presently engaged in development of two other income restricted residential multi-family buildings in Jersey City. (*See id.*)  Both properties - 108 Storms Avenue[2] and 299 Bergen Avenue[3] - are in a state of near-completion; however, progress was halted by the City of Jersey City's withholding

---

[1] "Ballak Certification" refers to the Certification of Francis J. Ballak, Esq. [ECF 2-1] submitted in support of Appellant's Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007(b).  In order to avoid overwhelming the Court with duplicative documents and information, Appellee cites to the Ballak Certification only for its reference to and attachment of the relevant docket entries and dates, which it does not dispute.  Appellee does not agree with or adopt Mr. Ballak's characterization of the events leading up to the Appeal and reserves all rights.

[2] 108 Storms Avenue is a fully approved four (4) unit apartment building in Jersey City.   It is approximately ninety (90%) percent completed.

[3] 299 Bergen Avenue is a fully approved nine (9) unit apartment building in Jersey City.  It is approximately fifty to sixty (50-60%) percent completed.

4854-1746-6160, v. 1

of progress payments under a development grant causing financial harm to Appellee. (*See id.*)

On October 28, 2019, Appellant filed a complaint (the "<u>Foreclosure Complaint</u>") against Appellee seeking foreclosure of a mortgage note relating to 299 Bergen and 108 Storms captioned *City of Jersey City v. Jersey City Community Housing, et al.* at Docket No. F-17453-19 (the "<u>Foreclosure Action</u>"). (*See* Ballak Cert., ¶10.) On March 15, 2021, Appellant obtained a final judgment in foreclosure (the "<u>Foreclosure Judgment</u>"), a copy of which is attached to the Ballak Certification as Exhibit D to **Exhibit 15**. The Foreclosure Judgment allocates the total amount due on the Property as $125,408.53.[4] (*See* Ballak Cert., Exhibit D to **Exhibit 15**.)

On July 20, 2021, Appellant filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code. (*See* Darling Decl.,[5] **Exhibit A**.) On November 9, 2021, Community Loan Fund of New Jersey, Inc. ("<u>CLFNJ</u>"), the first priority mortgage holder on the Property, filed a motion seeking stay relief in order to initiate a foreclosure proceeding against the Debtor with respect to the Property in the Superior Court of New Jersey. (*See id.* at ECF 44.). At that time, according to CLFNJ, there was an outstanding balance of

---

[4] The sale of the Property resulted in payment in full of $125,408.53 to Appellant. (*See* HUD-1 Settlement Statement, Darling Decl., **Exhibit B**.)

[5] "Darling Decl." refers to the Declaration of Sydney J. Darling, Esq. filed in support of the Motion.

$341,592.37 due CLFNJ.  (*See* Certification in Support of Motion by Community Loan Fund of New Jersey, Inc. to Vacate Automatic Stay [Bankr. ECF 44-2], ¶11, Darling Decl., **Exhibit C**.)  CLFNJ obtained an appraisal valuing the Property at $400,000 at a fifty percent (50%) completion stage.  (*See id.* at **Exhibit D**.)

On May 10, 2022, the Bankruptcy Court entered on the docket a Stipulation of Forbearance Subject to Court Approval with Community Loan Fund of New Jersey, Inc. [Bankr. ECF 122] (the "Forbearance Agreement"), a copy of which is attached to the Darling Declaration as **Exhibit E**.  In the Forbearance Agreement, Appellee acknowledged that as of May 1, 2022, the outstanding balance on the loan is $368,285.57 (the "Outstanding Balance"), inclusive of principal, interest, late charges and attorneys' fees.  (*See* Forbearance Agreement [ECF 122], ¶9.) Pursuant to the Forbearance Agreement, on or before August 15, 2022, Appellee was required to "provide CLFNJ a loan commitment and or definitive evidence of a source of financing for payoff of the Loan in accordance with the schedule provided herein."  (*See id.* at ¶11.)  The Forbearance Agreement requires a payoff of the Outstanding Balance by September 15, 2022.  (*See id.* at ¶8.)  The Forbearance Agreement with all its deadlines and provisions was never contested by any party in interest despite full knowledge to Appellant and other parties.

On July 25, 2022, Appellee filed a motion [Bankr. ECF 133] (the "Sale Motion")[6] seeking approval of the sale of the Property to the Purchaser, which was opposed by Appellant, among others. There was extensive briefing and two lengthy hearings on the matter whereat multiple witnesses testified. (*See* Ballak Cert., ¶¶19-24.) Specifically, Mr. Dehere testified on behalf of the Debtor, Ann-Marie Griffiths testified as the sole representative of the Purchaser and Deja Anderson of the City testified. (*See id.*) On August 23, 2022, the Honorable John K. Sherwood, U.S.B.J., issued an oral opinion on the record and later that day entered the Sale Order [ECF 153]. (*See* Ballak Cert., **Exhibit 1**.) The Sale Order was stayed until August 30, 2022 at 5:00 p.m. (*See id.*)

On August 29, 2022, Appellant filed a Notice of Appeal and an Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007(b) [ECF 2] (the "Stay Motion"). Appellee opposed the Stay Motion and the Court entertained oral argument on August 30, 2022, ultimately denying the Stay Motion. On September 21, 2022, the Property was sold to Purchaser. (*See* Settlement Statement and Deed, Darling Decl., **Exhibit B**.) On September 30, 2022, Appellant filed its appeal brief [ECF 13]. Appellant's brief was not accompanied by an Appendix as required by Rule 8018(b) of the Federal Rules of Bankruptcy Procedure.

---

[6] The Sale Motion and supporting papers are attached to the Ballak Certification as **Exhibits 10 and 11**.

## **RELIEF REQUESTED**

By this Motion, Appellee requests entry of an Order dismissing the appeal as statutorily moot pursuant to Section 363(m) of the Bankruptcy Code because Appellant did not obtain a stay of the Sale Order, and the Property has since been sold to a good-faith purchaser for value.

## **LEGAL ARGUMENT**

### I.    The Appeal Should be Dismissed as Equitably Moot

#### A. Legal Standard

Section 363 of the Bankruptcy Code allows a trustee, after notice and a hearing, to sell property of the estates outside of the ordinary course of business and "free and clear" of any other interests. 11 U.S.C. §§ 363(b)(1) and (f). Section 363(m) limits an appellant's ability to challenge such a sale on appeal, providing that when the bankruptcy court has authorized a sale to a good-faith purchaser, the sale cannot be undone or modified on appeal unless it was stayed pending appeal:

> The reversal or modification on appeal of . . . a sale or lease of property does not affect the validity of a sale or lease . . . to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Put simply, Section 363(m) moots a challenge to a sale when "(1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if

reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease." *See Pursuit*, 874 F.3d at 135. To reach this two-part test, the court must first ask whether the buyer purchased the property in good faith. *Id.* That requires a purchase for "appropriate value." *Id.* at 137.

One of section 363(m)'s purposes is to "promote the finality of sales." *Id.* at 133 ("[Section 363(m)] provides not only . . . finality to the judgment of the bankruptcy court, but particularly . . . finality to those orders and judgments upon which third parties rely.") (internal citations and quotation marks omitted); *see also In re 388 Route 22 Readington Holdings, LLC*, Case No. 20- 2629, 2021 WL 4811409, at *1-2 (3d Cir. Oct. 15, 2021) (same); *In re Energy Future Holding Corp.*, 596 B.R. 473, 477 (D. Del. 2019) (same). It matters not whether the purchaser was aware of the appeal. *See Pittsburgh Food & Beverage, Inc. v. Ranallo*, 112 F.3d 645, 647-48 (3d Cir. 1997).

Another important purpose section 363(m) serves is "to encourage participation in bankruptcy asset sales and increase the value of the property of the estate by protecting good faith purchasers from modification by an appeals court of the bargain struck with the [debtor-in-possession]." *In re Brown*, 851 F.3d 619, 622 (6th Cir. 2017) (internal citations omitted); *see also Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 498-500 (3d Cir. 1998) (Section 363(m) "was created to promote the policy of the finality of bankruptcy court orders, and

9

to prevent harmful effects on the bidding process resulting from the bidders' knowledge that the highest bid may not end up being the final sale price.").

Section §363(m) is one of "only two provisions in the Bankruptcy Code explicitly requiring a stay of a bankruptcy court order pending appeal." *Pittsburgh Food & Beverage, Inc.*, 112 F.3d at 648; *see also In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1085 (3d Cir. 1990). Thus, where a stay of an order approving a sale has not been obtained, such an appeal must be dismissed pursuant to 11 U.S.C. §363(m). *See Pittsburgh Food & Beverage, Inc.*, F.3d at 647-48

A party can avoid statutory mootness only in the "rare" case when reversal or modification of the sale order will not affect the sale's validity. *See Pursuit*, 874 F.3d at 138.

## B. The Requirements of Statutory Mootness are Satisfied Here

### 1. The Sale Order Was Not Stayed

Appellant's request for a stay pending appeal was denied by this Court. (*See* Order Denying Stay Motion [ECF 9].) As a matter of law, Appellant's failure to obtain a stay renders this appeal statutorily moot. The law is clear that the party challenging a sale must obtain a stay to avoid this result. *See Pursuit*, 874 F.3d at 138 ("Our responsibility is to apply [section 363(m)], not to accommodate [parties] in their failure to comply with it."); *see also Brown*, 851 F.3d at 622 ("[section 363(m)'s] mootness rule applies regardless of the merits of legal arguments raised

4854-1746-6160, v. 1

against the bankruptcy court's order . . . .") (internal citations and quotation marks omitted). Here, the Appellant failed to seek a stay in the Bankruptcy Court, failed to comply with the Federal Rules of Bankruptcy Procedure regarding appeals, and was ultimately denied a stay pending appeal.

### 2. The Property was Sold to a Good Faith Purchaser for Value

There can be no question that the sale was made to a good-faith purchaser. Paragraph F of the Sale Order expressly provides:

> The Buyer is a purchaser in good faith, as that term is used in Bankruptcy Code section 363(m), with respect to the Sale. The Sale was negotiated, proposed and entered into by the parties in good faith, from arms'-length bargaining positions and without collusion, and, therefore, the Buyer is entitled to the protections of Bankruptcy Code section 363(m) with respect to the Sale. Neither the Debtor nor the Buyer has engaged in any conduct that would cause or permit the Sale to be voided, nor that would justify the imposition of costs or damages, under Bankruptcy Code section 363(n).

(*See* Sale Order, ¶F [Bankr. ECF 153], Ballak Cert., **Exhibit 1**.)

The Bankruptcy Court also determined that the Property was sold for value: "The purchase price to be paid by the Buyer under the Sale Agreement is fair consideration and constitutes reasonably equivalent value for the Property." (*See id.* at ¶E.) Indeed, the most recent appraisal (the "2022 Appraisal") of the Property shows a value of $1,350,000 once completed and $1,040,00 as-is.[7] (*See* Appraisal of Real Property, Ballak Cert., **Exhibit 11**.) However, the appraisal does not

---

[7] As noted in the 2022 Appraisal, at the time of the sale the property was not completely developed.

4854-1746-6160, v. 1

appear to take into account the deed restrictions requiring the Property remain subject to the terms, covenants, conditions, restrictions, limitations and provisions relating to the construction and rehabilitation into certified moderate-income rental apartments as contained and set forth in the New Jersey Department of Community Affairs Neighborhood Preservation Balanced Housing Program Mortgage dated July 15, 2010, recorded in the Register of Deeds on July 21, 2010 in book 17545 page 65, which substantially reduces the value of the Property. (*See id.*). Moreover, another appraisal obtained by the first senior secured lender dated November 9, 2021 valued the Property at $400,000 when it was fifty percent (50%) complete. (*See* Darling Decl., **Exhibit D**.) Accordingly, the Bankruptcy Court determined that the $675,000 purchase price was fair value. (*See* Sale Order, ¶E.)

For the foregoing reasons, Section 363(m) renders this appeal statutorily moot as a matter of law.

### 3. Appellant Cannot Meet the "Narrow Exception" to Section 363(m)

As indicated above, when the Appellant failed to obtain a stay, statutory mootness under Section 363(m) will be avoided only in the "rare" case when reversal or modification of the sale order will not affect the sale's validity. *See Pursuit*, 874 F.3d at 138. This is a "high bar" to meet, and a "narrow exception" that may be satisfied only if the challenges to the sale order are "so divorced from

12

the overall transaction that the challenged provision would have affected none of the considerations on which the purchaser relied." *Energy Future Holdings*, 596 B.R. at 477. The Third Circuit has indicated that the following challenges do affect a sale's validity: (1) any challenge to a "central element" of the sale; and (2) any challenge that "would claw back the sale from a good-faith purchaser." *See Pursuit*, 874 F.3d at 139. To determine whether a challenge affects the validity of a sale, courts "must look to the remedies requested by the appellants." *See id.*

Here, the relief Appellant seeks on appeal is to overturn the sale to the Purchaser and ostensibly have the Property sold at Sheriff's sale to another unknown buyer, if any exists. It is beyond dispute that if successful, the appeal would reverse or modify the Sale Order. The proposed relief strikes at the heart of the transaction itself and its validity, and it plainly concerns provisions "on which the purchaser relied." *See Energy Future Holdings*, 596 B.R. at 477. They relate to "central elements" of the sale, obviously seeking to claw back the sale from the Purchaser. *See Pursuit*, 874 F.3d at 139.

In sum, this is exactly the kind of appeal that Section 363(m) and the Third Circuit prohibit in the absence of a stay. Given that Appellant failed to obtain a stay pending appeal, its appeal is statutorily moot and should be dismissed.

13

## II.    The Appeal Lacks Merit[8]

Even if the appeal were not statutorily moot, the appeal lacks merit and the Court should affirm the Sale Order.    A federal district court reviewing a bankruptcy court's decision reviews legal determinations *de novo*  and factual determinations for clear error.  *See In re Old Summit Mfg., LLC,* 523 F.3d 134, 137 (3d Cir. 2008).

The legal standard for approval of a sale by a chapter 11 debtor is "sound business purpose."  *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (holding that a sale of a debtor's assets should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business judgment exists for such a sale); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (implicitly adopting the articulated business justification and good faith tests of *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2d Cir. 1983)); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169 (D. Del. 1991) (concluding that the Third Circuit had adopted a "sound business purpose" test in Abbotts Dairies); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate ...

---

[8] Simultaneously with the filing of this Motion, Appellee filed a letter requesting an extension of time to file its formal brief, if this Motion is denied based on the existence of the pending Motion and the fact that Appellant failed to file its Appendix with the Appeal Brief in accordance with Fed. R. Bankr. P. 8018.

14

courts require the debtor to show that a sound business purpose justifies such actions.").

This showing of a sound business justification does not have to be unduly exhaustive. Rather, a trustee is "simply required to justify the proposed disposition with sound business reason." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Courts typically consider the following four factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale; (ii) whether adequate and reasonable notice of the sale was given to interested parties; (iii) whether the sale will produce a fair and reasonable price for the property; and (iv) whether the parties have acted in good faith. *In re Weatherly Frozen Food Group, Inc.*, 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334 (Bankr. D. Del. 1987); *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

After multiple rounds of briefing that included extensive supporting documents and two lengthy hearings with testimony from multiple witnesses, the Bankruptcy Court concluded that the proposed sale met the sound business justification standard. In his oral opinion issued on August 23, 2022, Judge Sherwood made detailed and reasoned findings of fact on which the approval of the sale was based.

15

"It is a well-known legal principle that the factual findings of a bankruptcy court must be accepted and affirmed unless the appellate court finds them clearly erroneous." *Matter of Bleaufontaine, Inc*., 634 F.2d 1383, 1389 (5th Cir. 1981) (citing *In re Bardwell*, 610 F.2d 228 (5th Cir. 1980); *In re Hammons*, 614 F.2d 399 (5th Cir. 1980); *In re Perimeter Park Inv. Assoc.*, 616 F.2d 150 (5th Cir. 1980); *Martin v. Mercantile Financial Corp.*, 404 F.2d 886 (5th Cir. 1968); *Lawrence Warehouse Co. v. McKee*, 301 F.2d 4 (5th Cir. 1962); 1 Collier on Bankruptcy P 3.03(8)(a), at 3-314 (15th ed. 1979)); *see also In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993) (same). "An appellate court may not consider the evidence de novo, ... and must be particularly reluctant to disregard a finding based on evaluation of testimony drawing credibility into question.... Merely because a reviewing Court on the same evidence may have reached a different result will not justify setting a finding aside...." *Matter of Bleaufontaine, Inc*., 634 at 1389 (citing *In re Multiponics, Inc.*, 622 F.2d 709, 723 (5th Cir. 1980) (alterations in original)). An appellate tribunal "must give deference to the finding of the referee, who was in closer proximity to the economic life of the bankrupt, to the parties involved in its birth and demise, and to its transactional history." *Id.* (citing *DeMet v. Harralson*, 399 F.2d 35, 38 (5th Cir. 1968)).

16

Appellant has not met the substantial burden of establishing that the Bankruptcy Court's findings were clearly erroneous and therefore the Sale Order should be affirmed if the appeal is not dismissed as statutorily moot.

## A. The Bankruptcy Court did not Err in Concluding that the Purchaser was a Good Faith Purchaser Under 11 U.S.C. §363(m)

Bankruptcy Code Section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this Section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

While the Bankruptcy Code does not define "good faith," the Third Circuit has construed the "good faith buyer" standard to mean one who purchases "in good faith" and for "value."  In addition, Courts have indicated that a party must show fraud or collusion between a purchaser and the debtor or trustee in order to demonstrate a lack of good faith.  *See In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d at 147.

Here, the Bankruptcy Court did not find any fraud or collusion between the Appellee and the Purchaser.  As set forth above, the Court found that Purchaser "is a purchaser in good faith, as that term is used in Bankruptcy Code section 363(m), with respect to the sale."  (*See* Sale Order [Bankr. ECF 153], ¶F.)  Specifically, the

17

Court found that the was "negotiated, proposed and entered into by the parties in good faith, from arms'-length bargaining positions and without collusion." (*See id.*)  The Court further found that neither the Debtor nor the Purchaser "engaged in any conduct that would cause or permit the Sale to be voided." (*See id.*)

Appellant cites to the fact that the Purchase and Sale Agreement contains a right of first refusal as evidence of bad faith.  It is entirely unclear how this negotiated business term in a commercial contract that was, as Appellant notes, disclosed, amounts to bad faith.  Indeed, the deed restrictions were preserved by the Sale Order. (*See id.* at ¶2.)  If the City is correct, that it has the right to prevent an unqualified or otherwise undesirable person or entity from purchasing the Property, that right remains and it can prevent Mr. Dehere from exercising the right of first refusal.

Appellee objects to the recitation of the facts set forth by Appellant on page 19 of its brief.  Appellant continues to make unsupported and egregious misstatements in its papers.  Appellant's narrative regarding Mr. Dehere personally and the project is unsubstantiated by the record and simply not true.  For example, Appellant states that Mr. Dehere "took in aggregate about a million dollars in public financing [and] many hundreds of thousands in private financing." (Appellant's Br. at p.19.)

In addition, Appellant ignores the reality of the project over its lifespan. As set forth in the above, Appellee's efforts to complete the project were thwarted by Appellant and the State of New Jersey at various times. Appellee required the additional private financing to move the project along. Appellant's characterization of this business decision as "egregious" and "unlawful" is hyperbolic and irrelevant to the issues on appeal.

Appellant also cites to the parties' characterization of their prior relationship as further indicia of lack of good faith. The fact that the parties knew each other in any way – business or personal – prior to the sale, does not mean they did not act in good faith. It was Appellee who filed the sale motion disclosing that the parties had a personal relationship for a year, not the Purchaser. To say that the Purchaser then "completely changed course" by testifying that she had a business relationship with Mr. Dehere, is a complete mischaracterization that conflates the testimony of Purchaser with facts set forth in the Sale Motion.

Finally, conflating good faith with its objective to place a qualified developer at the helm, Appellant cites to Purchaser's lack of experience managing affordable housing projects as indicia of bad faith. This argument has no grounding in common sense or the law. The fact that Purchaser has not done this type of project before does not in any way mean she is not a good faith purchaser.

**B. The Bankruptcy Court did not Err in Concluding that Buyer Gave "Fair and Reasonable Value" for the Property.**

As set forth in Point I.B.2, *supra*, the Property was sold for fair and reasonable value.  Appellant continues to completely ignore the fact that the $1.04 million dollar appraisal did not take into account the deed restrictions related to the Property.  The purchase price is approximately 65% of the $1.04 million; however, the $1.04 million value is high because it does not take into account the deed restrictions.  Balanced against the $400,000 CLF appraisal where the Property was only fifty percent (50%) complete, a $675,000 value makes complete and total sense.  Indeed, Appellant did not see fit to submit any evidence below suggesting a different valuation.  Moreover, there were no higher and better offers.  Appellant would prefer that the Property be sold at Sheriff's sale to a purchaser over whom it has no control for an amount that is totally unknown and could be substantially less than the $675,000 purchase price.[9]

**C. The Bankruptcy Court did not Err in Overruling Appellant's Objection to the Sale to Purchaser**

The Development Agreement provides that Appellant's rejection of a transfer must be reasonable.  The Court concluded that it was not, finding that Purchaser was qualified and financially responsible such that she had the ability to fulfill the obligations undertaken in the Development Agreement.   Appellant

---

[9] As set forth above, the Foreclosure Judgement allocates $125,000 to this Property and Appellant's credit bid would be limited to $125,000.

20

complains that Purchaser never "applied to the City, thus depriving it of information necessary to make an informed decision." (*See* Appellant's Br., p. 26-27.)  However, there was nothing to apply for here.  Appellant's lien was being paid in full (and has since been paid) and Purchaser was not seeking any type of financing or grant money from the City.  There appeared to be no process in place for this type of "application."

Most troubling, Appellant has never been able to articulate how it would have any control over a prospective purchaser at Sheriff's sale, its desired result. This speaks volumes about Appellant's intent and the merits of this argument.

### D. The Bankruptcy Court did not Err in Applying the Merger Doctrine.

Appellant continues to attempt to shift the cost of its mistake in allowing the Bergen Avenue property to be acquired by Honey Badger through the tax sale foreclosure process.  This argument properly rejected by the Bankruptcy Court. Appellant had the opportunity to redeem the tax sale certificate and protect it's $650,000 lien, but chose not to do so.  Now it improperly seeks to enforce its $650,000 judgment in foreclosure against the Property.  It was Appellant who sought and was awarded the allocation of the loan amounts between the two properties.  The Foreclosure Judgment is clear that Appellant's lien on the Property was fixed at $125,408.53.

21

Appellant improperly argues that the Bankruptcy Court "did not appreciate that the merger doctrine does not forbid a mortgagee from asking the court to amend a foreclosure judgment based on something that happens post-judgment." (*See* Appellate Br., p. 32.)  On the contrary, the Court understood and rejected the argument based on the plentiful supporting authority.  *See, e.g., Youngman v. Fleet Bank, N.A. (In re A & P Diversified Techs. Realty, Inc.),* 467 F.3d 337 (3d Cir. 2006) ("Under the merger doctrine, a contract is deemed to merge with the judgment, thereby depriving a plaintiff from being able to assert claims based on the terms and provisions of the contractual instrument."); *In re Goione,* 595 B.R. 477 (Bankr. D.N.J. 2019) ("Thus, in the context of a foreclosure action, a mortgage is merged into the final judgment of foreclosure and the mortgage contract is extinguished, at which point it ceases to exist. Thereafter, a mortgage can no longer serve as a basis for determining the obligations of the parties. Instead, litigants must look to the judgment."); *Customers Bank v. Reitnour Inv. Properties, LP*, 453 N.J. Super. 338, 350, 181 A.3d 1038, 1046 (App. Div. 2018) ("[A] final state court foreclosure judgment in New Jersey establishes rights in the property distinct from those conferred by the mortgage. Under New Jersey law, 'the final judgment in an action to foreclose real estate mortgage fixes the amount due under the mortgage and directs the sale of the real estate to raise funds to satisfy the amount due.'").

22

Appellant's reference to the New Jersey Court Rule that allows for modification of a foreclosure judgment is not applicable. This rule contemplates ministerial modifications to account for things like interest and insurance.

## E. The Form of Order Does Not Illegally Extinguish the Affordable Housing Deed Restrictions

Contrary to Appellant's argument, paragraph 2 of the Sale Order pertains only to liens on the Property. It sets forth the dollar amounts of the liens that attach to the proceeds of sale and no longer to the Property itself. Paragraph 4 makes clear that the deed restrictions contained in the Foreclosure Judgment remain in place. The Foreclosure Judgment provides

> [T]he premises described and mentioned in the Second Count[10] of the Amended Complaint shall remain subject to the Affordable Housing terms, covenants, conditions, restrictions, limitations and provisions as contained, set forth and referenced in the Deed dated February 4, 2010, and recorded in the Registrar of Deeds Office on March 8, 2010, in book 8719, page 169;

> [T]he premises described and mentioned in the Amended Complaint shall remain subject to the terms, covenants, conditions, restrictions, limitations and provisions as contained, set forth and referenced in the City of Jersey City Affordable Housing Agreement dated May 11, 2010, recorded in the Registrar of Deeds Office on May 12, 2010, in book 17511, page 530.

(*See* Ballak Cert., Exhibit D to **Exhibit 15**.)

---

[10] The Second Count of the Foreclosure Complaint pertains to the Property. A copy of the Foreclosure Complaint is attached as **Exhibit A** to the Declaration of Sydney J. Darling, Esq. in Support of Brief of Appellee in Opposition to Appellant's Motion for a Stay Pending Appeal [ECF 6].

23

Accordingly, Appellant is simply incorrect that the Sale Order impacts the deed restrictions relating to the Property. Appellee has never taken that position and the Court was clear that the restrictions are preserved.

**F. The Appeal Should Be Dismissed for Failure to Comply with Fed. R. Bankr. P. 8018**

Appellant has not complied with the Federal Rules of Bankruptcy 8018(b), which requires Appellant to "file with its principal brief excerpts of the record as an appendix." *See* Fed. R. Bankr. P. 8018(b). Rule 8018(b) requires the appendix contain the following documents:

> (A) the relevant entries in the bankruptcy docket;
>
> (B) the complaint and answer, or other equivalent filings;
>
> (C) the judgment, order, or decree from which the appeal is taken;
>
> (D) any other orders, pleadings, jury instructions, findings, conclusions, or opinions relevant to the appeal; and
>
> (E) any relevant transcript or portion of it.

*See id*

Accordingly, in the even the Court is not inclined to dismiss the appeal as statutorily moot, the Court should take appropriate action to insure that Appellant complies with the Rules.

24

## <u>CONCLUSION</u>

Appellant failed to obtain a stay pending appeal before this Court and the sale to a good faith purchaser for value has been consummated. For these reasons and the reasons set forth above, the appeal should be dismissed as statutorily moot under Section 363(m) of the Bankruptcy Code.

Dated: October 31, 2022            **TRENK ISABEL SIDDIQI & SHAHDANIAN, P.C.**

*/s/ Sydney J. Darling, Esq.*
Richard D. Trenk, Esq.
Sydney J. Darling, Esq.
290 W. Mt. Pleasant Ave., Suite 2350
Livingston, New Jersey 07039
Telephone: (973) 533-1000
Email: rtrenk@trenkisabel.law
Email: sdarling@trenkisabel.law

*Counsel to Jersey City Community Housing Corporation, Appellee*